*Shepard,* for appellant.

*Robinson,* for appellee.

---

TRUSTEES OF THE DISTRICT OF HIGHLANDS *v.* VALENTINE REBHOLZ ET AL.

**Witnesses—Foundation for Impeachment.**

Where the impeaching witness testifies to matters not in contradiction to answers made by a witness whose evidence is sought to be impeached, and that he does not say the witness made the statements contained in the question, but that he made a different statement, it is not a foundation for impeachment, and should have been ruled out.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 27, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

On the trial of this case in the court below, the deposition of John C. Southall was read as evidence on behalf of appellants, who proved that on the night the pound was torn down he was at his father's, which was near the scene, a man came to the window whom he recognized to be William Pearce, that the mother of the witness was talking at the time, and he gave her orders to hush up; about that time he went back to the pound and went to work on that. He then stated he saw two men in the yard that he supposed to be John Graziani and Augustus Miller, he said he also saw Mr. Rebholz and Nick Lower.

On cross-examination of the witness, and as a foundation to contradict him by other testimony, he was asked, if he did not on the morning after the pound was broken down, at, or near, Esquire Phillips' house, state in the presence of Alf Phillips, that he could not swear positively to any man that was at his house on the night of the 26th of June. He answered he did not remember stating any such thing. The question was then repeated in this language:

> "Will you state positively now that you did not make that statement before Alf Phillips, on the occasion referred to in the last question?"

And he answered:

> "I won't be certain either way. I don't remember any such thing."

To contradict this witness, appellees introduced Alfred Phillips, who proved that he said in the presence of himself and one Moore and others, on the morning after the occurrence, that he could not swear to anybody, except John Graziani and Miller.

This evidence was objected to by appellants, but their objection was overruled, and its admission is now complained of by them as erroneous.

The impeaching witness does not contradict the statement made by the witness he is called to impeach. He was asked if he had not said, in the presence of Phillips, on the morning after the occurrence, that he could not swear *positively* to any man that was at his house the previous night. He answered that he did not remember to have said so. And when Mr. Phillips is called he

does not say that the witness made the statement contained in the question, but that he made a different statement. One about which he was asked, and which he might have made, and still his answer to the interrogatory propounded to him be strictly true. No foundation was, therefore, laid for the introduction of Phillips' evidence, and the court below should have sustained appellants' objections to the same.

Wherefore, the judgment is reversed, and the cause remanded with directions to grant a new trial to appellants, and for further proceedings consistent herewith.

*Hallam,* for appellants.

*Webster & Hawkins,* for appellees.